IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | |
|---|---|
| JULIA LEE HOLT,            ) | |
|     Plaintiff,            ) | |
| ) | Civil Action No. 4:14cv00021 |
| v.            ) | |
| ) | By:   Joel C. Hoppe |
| SOCIAL SECURITY ADMINISTRATION,  ) | United States Magistrate Judge |
|     Defendant.            ) | |

## REPORT AND RECOMMENDATION

Plaintiff Julia Lee Holt asks this Court to review the Commissioner of Social Security's ("Commissioner") final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–422, 1381–1383f. ECF No. 3. This Court has authority to decide Holt's case under 42 U.S.C. §§ 405(g) and 1383(c)(3), and her case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 12. I recommend that this Court dismiss Holt's action without prejudice because she has failed to prosecute her case.

I. Procedural History

Holt filed for DIB and SSI on June 1, 2011. *See* Administrative Record ("R.") 14. She said that she could not work after September 22, 2010, because of degenerative disc disease, a bulging disc, and spinal stenosis. R. 82. The state agency twice denied her applications. R. 98–99, 120–21. Holt appeared with counsel at a hearing before an Administrative Law Judge ("ALJ") on April 9, 2013. *See* R. 27, 31. She testified as to her alleged impairments and the functional limitations those impairments caused in her daily activities. *See* R. 32–53. A vocational expert ("VE") also testified as to Holt's past work and ability to perform other work existing in the national and regional economies. *See* R. 54–65.

1

In a written decision dated April 18, 2013, the ALJ concluded that Holt was not entitled to disability benefits. R. 14–26. He found that Holt suffered from severe "degenerative disc disease of the lumbar and cervical spine status post lumbar discectomy" and obesity. R. 16. Neither impairment, alone or combined, met or medically equaled an impairment listed in the Act's regulations. R. 18. The ALJ next determined that Holt had the residual functional capacity ("RFC")[1] to perform a full range of light work.[2] R. 18. Finally, relying on the VE's testimony, the ALJ concluded that Holt was not disabled because she could return to her past relevant work. R. 25. The ALJ also concluded that the Act's regulations directed a finding of "not disabled" based on Holt's age, education, work history, and ability to perform a full range of light work. *Id.* The Appeals Council refused to revisit the ALJ's decision. R. 1.

Holt filed her Complaint *pro se* in this Court on June 5, 2014. ECF No. 3. The Clerk's Office gave Holt a copy of the *Pro Se Handbook* when she filed at the counter. *See* ECF Staff Note, June 6, 2014. The Commissioner electronically filed her answer and the administrative transcript on October 10, 2014. ECF Nos. 6, 8. On the same day, this Court directed Holt to file "a brief addressing why the Commissioner's decision is not supported by substantial evidence or why the decision otherwise should be reversed or the case remanded," W.D. Va. Gen. R. 4(c)(1). ECF No. 9. Holt's brief was due on November 13, 2014.

---

[1] "RFC" is an applicant's maximum ability to work "on a regular and continuing basis" despite his or her impairments. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The RFC takes into account "all of the relevant medical and other evidence" in the applicant's record and must reflect the "total limiting effects" of the applicant's impairments. 20 C.F.R. §§ 404.1545, 416.945.

[2] "Light work" involves lifting no more than twenty pounds at a time, but frequently lifting or carrying objects weighing ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). A person who can lift twenty pounds (and frequently lift or carry ten pounds) can perform light work only if he also can "do a good deal of walking or standing, or do some pushing and pulling of arm or leg controls while sitting." *Hays v. Sullivan*, 907 F.2d 1453, 1455 n.1 (4th Cir. 1999). The person must be able to do "substantially all of these activities" in order to "perform[] a full or wide range of light work." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

As of November 24, 2014, Holt had neither filed her brief nor sought an extension of time in which to do so. On that date, I ordered Holt to either file a brief that complied with the original briefing order and Local Rule 4(c)(1) or to file a document explaining why her case should not be dismissed for failure to prosecute. ECF No. 13. I also warned Holt that her case could be dismissed without further notice if she did not file an appropriate document by December 24, 2014. That deadline passed without any word from Holt.

## II. Discussion

This Court has authority to permanently "clear its calendar of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1963). In determining whether to recommend dismissal with prejudice for failure to prosecute, I must consider: (1) the degree to which Holt is personally responsible for this delay; (2) the amount of prejudice this delay has caused the Commissioner; (3) whether Holt has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) whether there are sanctions less drastic than dismissal with prejudice. *Herbert v. Saffell*, 887 F.2d 267, 270 (4th Cir. 1989). These factors "are not a rigid four-prong test. Rather, the propriety of a dismissal . . . depends on the particular circumstances" in Holt's case. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).

As a *pro se* plaintiff, Holt is personally responsible for this delay. *Mitter v. Soc. Sec. Admin.*, No. 4:13cv21, 2014 WL 2442241, at *2 (W.D. Va. May 30, 2014) (Kiser, J.). *Pro se* litigants are of course entitled to some leeway in our courts. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). But Holt's *pro se* status does not

3

excuse her failure to comply with this Court's orders and procedural rules. *See Hasan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010); *Mitter*, 2014 WL 2442241, at *2.

This Court cannot review the Commissioner's final decision unless Holt first files a document explaining why the decision is not supported by substantial evidence, why it should be reversed, or why the case otherwise should be remanded. *See* W.D. Va. Gen. R. 4(c) (providing that the plaintiff must file a brief addressing these issues, while the Commissioner may file a brief in response); *cf. Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that courts are not required "to conjure up questions never squarely presented to them" by *pro se* parties). Thus, Holt's personal (as opposed to a third party's) role in this delay weighs in favor of dismissing her Complaint.[3]

Holt also has a "history of deliberately proceeding in a dilatory fashion" in this Court. *Herbert*, 877 F.2d at 270. On October 10, 2014, the Court ordered Holt to file her brief by November 13, 2014. ECF No. 9. Holt failed to respond to that Order. She also failed to respond to the November 24 Order after I extended the original briefing deadline by more than 30 days. *See* ECF No. 13. Holt has not contacted the Court or attempted to explain why her case should be kept open. This factor likewise weighs in favor of dismissing Holt's Complaint. *See Mitter*, 2014 WL 2442241, at *1–2.

Finally, sanctions less drastic than dismissal with prejudice are available in Holt's case. *See Herbert*, 877 F.2d at 270. Dismissal with prejudice is a "harsh sanction" reserved for cases in which a party's noncompliance "represents [a] bad faith and callous disregard" for the Court's authority. *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). I do not find that Holt has shown such disregard for this Court's authority. For example, she timely filed a

---

[3] I do not find that the Commissioner has suffered any significant prejudice from this delay.

4

case-related document on October 21, 2014. *See* ECF No. 11. Holt's earlier response and *pro se* status weigh in favor of dismissing her case without prejudice.

III. Conclusion

This Court may dismiss a plaintiff's complaint when she fails to comply with the Court's rules or scheduling order. The Court has given Holt almost 90 days to file her brief and more than 40 days to explain why her case should not be dismissed. The Court also warned Holt in writing that her case might be dismissed without further notice if she did not act promptly. Holt has not taken the necessary steps to prosecute her case. Therefore, I recommend that this Court **DISMISS without prejudice** Holt's Complaint and strike the case from the docket.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to the *pro se* Plaintiff at her address of record and to all counsel of record.

ENTER: January 5, 2015

*Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge